FILED
TIME
NOV 23 2026
RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSHUA GONZALEZ,<br>PLAINTIFF(S)<br><br>VS.<br><br>ADVANCED DRAINAGE SYSTEMS, INC.<br>DEFENDANT(S) | CASE NO. 2:26 CV 01713<br><br>**MOTION TO PROCEED WITH SUPPORT FROM CHARITY**<br><br>13 NOVEMBER 2026 - PLAINTIFF<br><br>JUDGE SARGUS<br>MAGISTRATE JUDGE Vascura |

**MOTION TO PROCEED WITH SUPPORT FROM CHARITY (IFP)**

**FOR THIS CAUSE**, THE PLAINTIFF, JOSHUA GONZALEZ, IN ONES OWN CHARACTER, HEREBY MOVES JUSTICE FOR LEAVE TO PROCEED WITH SUPPORT FROM CHARITY (IN FORMA PAUPERISM) HOLDING THE MATTERS OF FEES, COSTS, OR SECURITY THEREFOR, TO BE SERVICED AS COSTS AGAINST THE NON-PREVAILING PARTY UPON FINAL ENTRY OF JUDGMENT HEREIN. IN SUPPORT OF THIS MOTION, THE PLAINTIFF, JOSHUA GONZALEZ, PROVIDES THE FOLLOWING STATEMENT:

**WHERE REBELLIOUS ENGLISH BARONS FORCED KING JOHN TO AFFIX HIS ROYAL SEAL TO THE MAGNA CARTA IN JUNE 1215, THE EFFORT CURBED ARBITRARY ROYAL ABUSES. CLAUSE 40 OF THE 1215 CHARTER ESTABLISHED "TO NO ONE WILL WE SELL, TO NO ONE DENY OR DELAY RIGHT OR JUSTICE". THAT EXACT MANDATE IS PRESERVED TODAY IN ARTICLE 1 SECTION 21 OF THE FLORIDA CONSTITUTION, WHICH AFFORDS AN OPEN ACCESS TO THE COURT FOR THE REDRESS OF ANY INJURY DONE TO A PERSON FOR ANY INJURY AND THAT JUSTICE SHOULD THEREBY BE ADMINISTERED WITHOUT ALLOTMENT OF A "SALE" TO COORDINATE JUST. WHILE THIS OPEN COURTS CLAUSE ENCOMPASSES TIMELY ADJUDICATION, ITS BROADER SCOPE PREVENTS THE STATE LEGISLATURE FROM ABOLISHING ESTABLISHED RIGHTS OF REDRESS OR ERECTING ARBITRARY BARRIERS TO CIVIL LITIGATION. MOREOVER, CLAUSE 12 PROHIBITED THE CROWN FROM LEVYING TAXES WITHOUT COMMUNE CONSILIUM OF THE REALM, A FOUNDATIONAL PRINCIPLE OF TAXATION BY CONSENT LATER ADOPTED INTO THE UNITED STATES CONSTITUTION, REF. ARTICLE 1 SECTION 7 AND SECTION 8, INCLUDING VARIOUS UNITED STATES CONSTITUTIONS FOR THE STATE.**

A) THE PLAINTIFF REQUEST OF RELIEF IS IN ACCORDANCE WITH THE AUTHORITIES AFFORDED TO THE UNITED STATES DISTRICT COURT TO COMMENCE A CIVIL ACTION WITHOUT PREPAYMENT OF FEES. HOWEVER, THIS BASIS IS ESTABLISHED UNDER THE STATE CONSTITUTION, INVOKED BY THE STATE OF OHIO IN ARTICLE 1 SECTION 16, PREMPTIVE OF THE STATE OF FLORIDA CONSTITUTION ARTICLE 1 SECTION 21 WHICH CORRELATES TO THE MAGNA CARTA, THE YEAR 1215 ROYAL CHARTER OF RIGHTS AGREED TO BY KING JOHN OF ENGLAND. THEREBY, THE OPEN COURTS CLAUSE ENSURES THAT THE PLAINTIFF FINANCIAL THRESHOLD DOES NOT FUNCTION AS AN ABSOLUTE BARRIER TO AN AMERICAN CITIZEN SEEKING JUDICIAL REDRESS FOR ANY INJURY DONE TO "LAND, GOODS, PERSON, OR REPUTATION" AND FURTHER WITHOUT "SALE, DENIAL, OR DELAY" AS PREVIOUSLY ENCOUNTERED WITH THE LOWER-COURTS. THE INTERPRETATION OF A STATE CONSTITUTION SHOULD COINCIDE WITH THE SUPREME LAW OF THE LAND AT THE DUE PROCESS CLAUSES.

B) CONGRESS DOES AFFORD ANY FEDERAL STATUTES CONFIGURED APPROPRIATELY THE PRIMARY AUTHORITY TO PREVAIL OVER STATE APPLIED STATUTES. HOWEVER, CONGRESS DOES NOT INTEND FOR A FEDERAL STATUTE TO SUCCEED ITS CAPACITY UNDER THE CONDITIONS

OF SUBORDINATION TO THE UNITED STATES CONSTITUTION. WHEREAS, THE JUDICIARY HAS THE RIGHT TO CONDUCT THE BUSINESS OF THE COURT AND THE PLAINTIFF ASSERTS THAT RIGHT IS NOT BEING DEPRIVED HEREIN FOR A COLORABLE CLAIM.

C) THESE MATTERS ARE ESTABLISHED SOLELY AS A PURE CIVIL ACTION TO RESOLVE AN ONGOING BUSINESS INTERRUPTION CAUSED AS DAMAGE TO THE ABOVE-REFERENCED PLAINTIFF AND THEREBY REQUIRES FOR JUSTICE TO INTERVENE THE MATTERS REGARDING THE DIGITAL ESTATE — HTTP[X]://WWW[X]INFILTRATOR[X]NET/ — WHICH UPHOLDS A CORE ROOT DATING BACK AS EARLY AS 1700, NOTABLY IDENTIFIED BY THE UNITED STATES MILITARY PUBLICATION 'INFANTRY JOURNAL' IN THE YEAR 1944 ACCORDING TO OXFORD ENGLISH DICTIONARY.

D) WHEREAS, THE PLAINTIFF ASSERTS THAT THIS CAUSE OF ACTION ARISES FROM THE DEFENDANT(S) ACTS AND OMISSIONS. IT IS IN THE INTEREST OF JUSTICE THAT PREPAYMENT BE DEFERRED AND COSTS ULTIMATELY REFLECTED IN THE FINAL TAXATION OF COURT ASSOCIATED FEES.

E) WHEREAS, A RULING GRANTING LEAVE TO PROCEED WITH SUPPORT FROM CHARITY LIES WITHIN THE EQUITABLE DISCRETION OF THE COURT AND DOES NOT PREJUDGE THE MERITS OF THE SUBSTANTIVE ACTION NOR

CONFER FINAL LEGAL STANDING. THE DEFENDANT(S) RETAIN THE RIGHTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 17(A) TO OTHERWISE ANSWER, DEFEND, OR CHALLENGE STANDING, AS WELL AS JURISDICTION AND VENUE AS PROVISIONED BY JUSTICE.

**FOR THESE MATTERS.**

DATED: **13 NOVEMBER 2026**

/S/

MR. JOSHUA GONZALEZ
PRO SE LITIGANT
2434 17TH AVENUE NORTH
ST PETERSBURG, FLORIDA 33713
UNITED STATES OF AMERICA
[US] +1 3 1 8 2 2 5 6 8 1 3
JOSHUA.GONZALEZ-ECF@PROTON.ME

HEREBY, EXECUTED PURSUANT TO TITLE 28 U.S.C. § 1746 AND PUNISHABLE UNDER TITLE 18 U.S.C. § 1621, THE DECLARANT CERTIFIES UNDER PENALTY OF PERJURY THAT THE STATEMENTS CONTAINED HEREIN ARE TRUE, ACCURATE, AND CORRECT TO THE BEST OF HIS ABILITY. ANY MINOR FORMATTING OR TYPOGRAPHICAL ERRORS ARE SUBJECT TO INADVERTENTLY OCCUR. VIDE. SUPREME COURT JUSTICE ARTHUR GOLDBERG; "IT IS TOO LATE IN THE DAY, AND ENTIRELY CONTRARY TO THE SPIRIT OF THE FEDERAL RULES OF CIVIL PROCEDURE, FOR DECISIONS ON THE MERITS TO BE AVOIDED ON THE BASIS OF SUCH MERE TECHNICALITIES"; LENORE FOMAN V. ELVIRA A. DAVIS (1962), NO. 83 S.CT. 227, 9 L.ED.2D 222, 371 U.S. 178, AT 181.

THIS LEGAL DOCUMENT HAS BEEN COMPOSED WITH A FREE, OPEN-SOURCE GEOMETRIC SANS-SERIF TYPEFACE RELEASED UNDER THE SIL OPEN FONT LICENSE (OFL) BY DR. BONNIE SHAVER-TROUP AND COLLABORATORS. LEXEND ("LET'S END DYSLEXIA") IS A RESEARCH-BACKED TYPEFACE SCIENTIFICALLY ENGINEERED TO REDUCE VISUAL PROCESSING CHALLENGES, ALLEVIATE VISUAL IMPAIRMENT OR STRESS, AND INCREASE READING FLUENCY. IT IS UTILIZED HEREIN AS AN ACCESSIBILITY MEASURE TO MAXIMIZE READABILITY FOR ALL AUDIENCES, INCLUDING INDIVIDUALS WITH CONDITIONS SUCH AS DYSLEXIA, ADHD, OR RELATED MEDICAL CONDITIONS.

THE UNIFORM COMMERCIAL CODE § 1-201(B)(10) DEFINES THE USE OF CAPITAL LETTERS AS A STANDARD METHOD TO ENSURE TERMS ARE LEGIBLE. THEREOF, THE SUPREME COURT RECOGNIZED THAT ALL CAPITALS IN TERMS OF TYPOGRAPHICS SERVE A LUCID FORM, ESTABLISHING A NON-HOSTILE FUNCTIONING IN LEGAL DRAFTS THAT SATISFY THE STERN STANDARDS OF "CONSPICUOUSNESS" REQUIRED BY LAW, VIDE. JOHN DOE, A/K/A TONY TWIST V. TCI CABLEVISION, ET AL (MO. BANC 2003), NO. 67 U.S.P.Q.2D (BNA) 1604, NO. 31 MEDIA L. REP. 2025, NO. 110 S.W.3D 363. TO THIS EXTENT, WHERE A PRO SE LITIGANT OBTAINS A SPECIAL PROCEDURAL LEEWAY OR SOLICITUDE, THE USE OF ALL CAPITALS REPRESENT A PRACTICAL, FUNCTIONING EFFORT TO ESTABLISH THE VISUAL COHERENCE AND LOGICAL SEQUENCING TO FULFILL THE DUTY OF MODERN NETIQUETTE TO STATE A CLAIM CLEARLY WITHOUT RISKING THE INADVERTENT FORFEITURE OF IMPORTANT RIGHTS.

IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 5(D)(3)(C), AN ELECTRONIC SIGNATURE ON A DOCUMENT FILED OR SUBMITTED BY A PRO SE LITIGANT CONSTITUTES THE SIGNERS SIGNATURE FOR ALL PURPOSES UNDER THE FEDERAL RULE OF CIVIL PROCEDURE, INCLUDING RULE 11.

**PLAINTIFF MOTION TO PROCEED WITH SUPPORT FROM CHARITY (IFP)**